## GEORGE B. CLUETT *et al.*

### *v.*

## ROBERT D. SHEPPARD.

*Filed at Ottawa January 21, 1890.*

1. LANDLORD AND TENANT—*privilege to tenant outside of particular premises let—waiver thereof—effect upon liability for rent.* In the case of a lease of a designated portion of a building, where, in addition to the part actually let, the tenant is given the privilege of reasonable storage room in the basement, he may waive his right to such use, and if he does so, and agrees to take storage room in another part of the building, he can not afterward set up his failure to get the use of the basement, in defense to an action for the rent.

2. SAME—*whether a leasing, or a mere privilege—a lease construed.* A lease of a first loft in a building, after describing the property and giving the terms, contained this memorandum, to-wit: "Tenant to have privilege of storing a reasonable number of cases in the basement:" *Held,* that the clause quoted did not amount to a leasing of premises, and that at most it was but the grant of a privilege to the lessee to occupy, for a special purpose, space not included in the lease.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook. county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. ADAMS & HAMILTON, for the appellants:

Any act of the landlord done in violation of the rights of the tenant, and without his consent, which deprives him of the beneficial use and enjoyment of a material part of the premises leased, will constitute an eviction. *Hayner* v. *Smith,* 63 Ill. 430; *Morris* v. *Tillson,* 81 id. 607; Taylor on Landlord and Tenant, secs. 380, 381.

A prior lease by the landlord constitutes eviction. *Anderson* v. *Insurance Co.* 21 Ill. 601; *Lawrence* v. *French,* 25 Wend. 443; *Smith* v. *Wise,* 58 Ill. 141; *Wright* v. *Lattin,* 38 id. 293.

The privilege of storing a reasonable number of cases in the basement is a material part of the contract of letting

premises demised, the deprivation of which will constitute an eviction. *Lynch* v. *Baldwin,* 69 Ill. 210; *Tomlinson* v. *Day,* 2 Brod. & Bing. 680; *Anderson* v. *Insurance Co.* 21 Ill. 601; *Walker* v. *Tucker,* 70 id. 527.

Eviction by means of a prior lease will defeat the contract, and no rent can be recovered under the original agreement. *Lawrence* v. *French,* 25 Wend. 443; *Knox* v. *Hexter,* 42 N. Y. 8.

After an eviction from part of the premises, the tenant is not liable for rent, even though he continues to occupy the residue. *Anderson* v. *Insurance Co.* 21 Ill. 601; *Wright* v. *Lattin,* 38 id. 393; *Hayner* v. *Smith,* 63 id. 430; *Smith* v. *Raleigh,* 3 Cambp. 553.

Though not necessary to stop the rent, possession of the premises was offered.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, for the appellee:

Where a tenant voluntarily yields possession of a part of the premises leased to another, there is no eviction, as, where a tenant gave up some of the rooms in a house and soon after left the premises. *Lettick* v. *Honnold,* 63 Ill. 335.

To constitute an eviction there must be something of a grave and permanent character done by the landlord, with the intention of depriving the tenant of the premises, the question of eviction or no eviction depending upon the circumstances, and being a matter for the jury to decide. *Hayner* v. *Smith,* 63 Ill. 430; Wood on Landlord and Tenant, 769.

The act complained of must be followed, within a reasonable time, by the tenant giving up possession. If he does not quit, but remains in possession, or does any act inconsistent with his right to abandon the premises, he will be treated as having waived the right, and the doctrine of constructive eviction will not apply. Wood on Landlord and Tenant, 799.

It must also appear that the tenant abandoned the premises on account of the acts of the landlord. Wood on Landlord and Tenant, 801.

Where a house was leased to a tenant, and the landlord verbally agreed that the tenant might have the use of a well on another lot, and the tenant was deprived of its use, it was held that this did not amount to an eviction, because the tenant's right to the well grew out of a different contract. *Lynch* v. *Baldwin,* 69 Ill. 210.

A lessee can not surrender without the consent of the lessor, and the tenant's abandonment, with notice to the landlord, will not exonerate the tenant from his obligation to pay rent, unless the landlord assents thereto. Wood on Landlord and Tenant, 844.

A retention of the keys is a constructive possession by the tenant. *Burnham* v. *Martin,* 90 Ill. 438.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

On the 23d of December, 1884, appellee leased to appellants premises in the city of Chicago, described as "first loft of building number 197-201, Fifth avenue," for three years, from January 1, 1885, at a yearly rental of $2000, payable monthly, on the last day of each month. After the description of the premises, and the provisions in the lease as to the term, rental, etc., there is a memorandum, as follows: "Tenant to have privilege of storing a reasonable number of cases in the basement." There is a covenant in the lease, on the part of appellants, that they had received said premises in good order and in good condition. They continued in possession until about January 1, 1886. This suit was brought on the 6th day of January, 1887, by the landlord, for unpaid rent, and he recovered a judgment in the Superior Court for $1728.75, and costs of suit. That judgment being affirmed in the Appellate Court for the First District, appellants again appeal.

The defense set up and relied upon in the court below was, that defendants had been evicted by appellee of a material part of the premises leased, prior to their abandonment of the

same, and that having paid all rent due for the time of actual occupancy, they were not further liable. This defense is based upon the clause or memorandum, "Tenant to have the privilege of storing a reasonable number of cases in the basement." They did not claim, on the trial, that they were actually evicted from the basement. On the contrary, they showed that they never had possession of it, but that, in compliance with that part of the lease, they were furnished space on the fourth and fifth floors of the same building; that after using the same for about a year, by renting the same to other tenants, the landlord deprived them of the space so occupied, and they then called upon appellee for storage room in the basement, which also being occupied, was denied them. But appellee thereupon offered to still furnish them space on said fourth floor, about twenty feet long by twelve feet wide, which they refused to accept, because it was insufficient.

Conceding that said clause is sufficiently definite to amount to a leasing of a portion of the basement, the question as to whether, by their conduct, appellants did not waive their right to occupy the same, and consent to take storage room in other parts of the building, was a controverted question of fact, which is conclusively settled against them by the verdict of the jury and judgment of affirmance in the Appellate Court. The same is also true of the question whether or not the space offered them on the fourth floor was storage room for a *reasonable number* of cases. Therefore, unless there was some error of law in the rulings of the Superior Court assigned here, the judgment of the Appellate Court must be affirmed.

The only complaint made in this regard is as to the giving of instructions on behalf of appellee. The complaint is not that these instructions do not correctly announce the law, but that there was no evidence before the jury upon which to base them. We do not think it can be said that there is no evidence whatever in the record tending to support them.

No criticism is to be made upon the authorities cited by counsel for appellants as sustaining the case on their theory of the facts. They are inapplicable, however, because that theory is destroyed by the finding below.

We are also of opinion that the clause referred to did not amount to a leasing of premises. No part of the basement is described. No amount of space is mentioned. What might be regarded as a reasonable number of cases is left wholly to conjecture. There is nothing to indicate the kind of cases referred to, and therefore it is impossible to determine whether much or little space would be required for their storage. At most it can only be construed as granting a privilege to the lessee to occupy, for a special purpose, space not included in the lease.

We find no error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*